

```
FILED
OCT 13 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

Doloris Kidd and Donnie Kidd,

                  Plaintiffs,

v.

Regional Adjustment Bureau, Inc.,

                  Defendant.

Civil Action No.: W09-CA-232

## FIRST AMENDED COMPLAINT

For this Complaint, the Plaintiffs, Doloris Kidd and Donnie Kidd, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiffs, Doloris Kidd and Donnie Kidd (hereafter "Plaintiffs"), are adult individuals whose residence is in Waco, TX, and are "consumers" as the term is defined by 15

Case 6:09-cv-00232-WSS   Document 3   Filed 10/13/09   Page 2 of 7

U.S.C. § 1692a(3).

4. Defendant, Regional Adjustment Bureau, Inc. (hereinafter "Defendant"), is a Texas corporation with an address of 7000 Goodlett Farms Parkway, Memphis TN 38016, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiffs incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiffs.

8. The Defendant then began attempts to collect this debt from the Plaintiffs, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant has not told the Plaintiffs the amount of the debt.

10. The Defendant called the Plaintiffs at least once every day.

11. The Defendant called the Plaintiffs and did not identify the name of the collections agency, and instead told the Plaintiffs the telephone call was regarding an "urgent matter" in order to deceive the Plaintiffs.

12. The Defendant called the Plaintiff Dolores Kidd at her place of employment.

13. The Defendant called the Plaintiff Dolores Kidd's employer on several occasions in order to gather information about the Plaintiffs.

2

14. The Defendant disclosed that the Plaintiffs owed a debt to the Plaintiff Dolores Kidd's employer.

15. The Defendant told the Plaintiff Dolores Kidd's employer that the Plaintiff would have a "legal action against her."

16. The Defendant continued to call the Plaintiff Dolores Kidd's place of employment after the Plaintiff's employer informed the Defendant that such communications were not allowed.

17. The Defendant continued to call the Plaintiff Dolores Kidd's place of employment after Plaintiff verified her home phone number.

18. The Defendant called the Plaintiffs' neighbors and disclosed that the Plaintiffs owed a debt.

19. The Defendant told the Plaintiffs that they looked through the telephone book in order to find someone to look for the Plaintiffs even though the Defendant already had verified the home phone number with the Plaintiffs.

20. The Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

21. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt, in violation of 15 U.S.C. § 1692b(2).

23. The Defendant contacted third parties in regards to the Plaintiffs' debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

24. The Defendant contacted the Plaintiff Dolores Kidd at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendant contacted the Plaintiff Dolores Kidd at her place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

26. The Defendant communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

27. The Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The Defendant placed calls to the Plaintiffs without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

29. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

30. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, *et al.*

34. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiffs, in violation of Tex. Fin. Code Ann. § 392.302(4).

38. The Defendant attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

39. The Plaintiffs are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

8. Punitive damage; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 8, 2009

Respectfully submitted,

By: *[signature]*
Diana P. Larson
Texas Bar No. 24007799
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 221-9088
Facsimile: (832) 415-9762
Email: diana@thelarsonlawoffice.com

<u>Of Counsel To:</u>
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666